UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>LONNIE RAY TAVARES,<br><br>　　　　　　　Defendant. | 3:00-cr-67-LRH<br><br>ORDER |

　　　　Before the court is Defendant Lonnie Ray Tavares' ("Tavares") Request to Run Federal Sentence Concurrent with State Sentence (Doc. #27)[1], to which the government filed an Opposition (Doc. #30).

**I.　　Factual and Procedural History**

　　　　On January 31, 1998, Reno police officers and Washoe County paramedics responded to an emergency call at Tavares' residence, where they discovered Tavares' infant daughter unconscious and not breathing. *See* Doc. #30, p. 2. Subsequent medical examinations revealed extensive injuries and bodily harm to the infant. *See id.* On February 3, 1998, officers executed a search warrant at Tavares' residence and discovered a semi-automatic firearm within Tavares' home. *Id.*

　　　　On February 5, 1998, Tavares' infant daughter died as a result of her injuries and Tavares was charged in state court with first-degree murder. *Id.* On May 3, 2000, the Nevada federal

///

///

---

[1] Refers to the Court's docket number.

1  grand jury charged Tavares with unlawful possession of a firearm by a convicted felon.[2]
2  *See* Doc. #1, p. 1.
3      Tavares pled guilty to the unlawful possession of a firearm charge in federal court and
4  pled guilty to second-degree murder in state court. *See* Docs. #22, 23. On March 12, 2013, the
5  federal court sentenced Tavares to 21 months imprisonment.[3] *See* Doc. #25, p. 2. On February
6  11, 2013, Tavares filed the current motion requesting his federal sentence be modified to run
7  concurrent with his state sentence. Doc. #27.

8  **II.    Discussion**

9       A federal district court may modify a sentence pursuant to statute or Federal Rule of
10 Criminal Procedure 35. *See* 18 U.S.C. § 3582(c)(1)(B). Rule 35 permits the Court to correct a
11 sentence within 14 days of sentencing due to a mathematical, technical, or other clear error. *See*
12 Fed. R. Crim. P. 35(a). A federal prisoner may also file a motion to modify or correct a sentence
13 under 28 U.S.C. § 2255 within one year from the date on which the final judgment of conviction
14 was entered. *See* 28 U.S.C. § 2255(f)(1).

15      Here, Tavares was charged with two separate offenses, of which the relevant conduct was
16 unrelated. Tavares' unlawful possession of a firearm charge is not relevant conduct to his state
17 charge of second-degree murder and the second-degree murder charge was not used as an
18 increase in the offense level of his sentence. *See* Doc. #30, p. 4. ("The probation office
19 recommends a consecutive term of imprisonment in order to provide an appropriate incremental
20 punishment, as the instant offense is completely unrelated to the undischarged term of
21 confinement."); U.S.S.G. § 5G1.3 (stating that a term of imprisonment that did not result from
22 another offense that is relevant conduct to the instant offense and that was not the basis for an
23 increase in the offense level of the instant offense may be imposed to run consecutively to
24 achieve a reasonable punishment for the instant offense). As such, there was, and is, no basis for

25 ―――――――――――

26   [2] Tavares was previously convicted of a felony on September 21, 1994, in the Superior
   Court of California. *See* Doc. #1; Pre-Sentence Report ("PSR") ¶ 12.
27
28   [3] Where, as here, a district court does not order the federal sentence to run concurrent
   with the state sentence, multiple terms of imprisonment are to run consecutively. *See* 18 U.S.C.
   § 3584(a).

2

the court to impose a concurrent sentence.  Moreover, nowhere in his motion does Tavares even claim that his sentence was due to any mathematical, technical, or other error which would allow the court to correct his sentence under Rule 35(a).

Additionally, even if he were claiming that the court erred, his claim would be time-barred as Tavares must bring any claim for correction of sentencing errors within 14 days of sentencing and he did not file his claim until nearly ten years after imposition of sentencing.  *See* Fed. R. Crim. P. 35(a).  Similarly, Tavares' potential § 2255 claim is also barred due to untimeliness.  Tavares' claim wasn't filed until February 13, 2013, nearly nine years after the filing deadline for a potential § 2255 claim.  For the foregoing reasons, the Court finds that Tavares' motion for his federal sentence to run concurrent with his state sentence shall be denied.

IT IS THEREFORE ORDERED that Tavares' Request to Run Federal Sentence Concurrent with State Sentence (Doc. #27) is hereby DENIED.

IT IS SO ORDERED.

DATED this 25th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE